USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                   :

UNITED STATES OF AMERICA,             :

                                                   :

                     -v-                      :                   1:16-cr-656-GHW

                                                   :

CYNTHIA WOODS,                        :                   <u>ORDER</u>

                                                   :

                                Defendant.  :

                                                   :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On August 5, 2020, the Court received a letter from Ms. Cynthia Woods. In her letter, Ms. Woods requests that the Court order her compassionate release as a result of the COVID-19 pandemic. Dkt. No. 769. In support of her application, Ms. Woods notes that her "institution has come in[to] contact with COVID-19 outbreak" and that she is concerned about her health as a result.

The Court sentenced Ms. Woods to 72 months imprisonment on October 25, 2017, after Ms. Woods pleaded guilty to the offense of conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. Ms. Woods was 55 years old at the time of her sentencing. The Court noted at the time that Ms. Woods suffered from health issues. Sentencing Transcript, Dkt. No. 365, at 22:11-15.

The Court must deny the application at this time because it is not apparent from Ms. Woods' letter that she has taken the steps necessary to obtain the relief that she is requesting pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a

motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). The Court understands this clear and unmistakable mandate from Congress to prohibit the Court from granting this relief in situations where the statutory preconditions have not been satisfied.

Therefore, in order for Ms. Woods to move this Court for compassionate release, she must first apply to the warden of her facility, requesting that the Bureau of Prisons make an application for compassionate release on her behalf. In the event that the BOP does not respond to the application within 30 days, the statute then permits Ms. Woods to make an application to the Court. The Court requests that in any subsequent application, Ms. Woods provide information regarding when and how she requested the warden of his facility to move for compassionate release on her behalf.

In her letter, Ms. Woods notes that she has not been able to contact her former attorney, Mr. Nkrumah. The Court understands that Mr. Nkrumah has changed the location of his practice, and that he is no longer a member of the Criminal Justice Act panel in the Southern District of New York. If Ms. Woods wishes for the Court to appoint new counsel for the purpose of making a motion for compassionate release on her behalf, she can make that request by letter to the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Ms. Woods and to terminate the motion pending at Dkt. No. 769.

SO ORDERED.

Dated: August 11, 2020

                                                                       GREGORY H. WOODS
                                                                   United States District Judge