# MEMORANDUM ENDORSED

**KREINDLER LLP**

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

February 1, 2024

<u>Via ECF/CM</u>
The Honorable Gregory H. Woods
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2024

Re: *United States v. Cynthia Woods*, 16 cr. 656 (GHW)

Dear Judge Woods:

This Court appointed me to represent defendant Cynthia Woods in her application for early termination of supervised release. ECF 1021, 1025. Having conferred with the Probation Officer responsible for Ms. Woods's supervision, I make this motion with the consent of the Government and the support of Probation Department and respectfully request that this Court terminate Ms. Woods's supervised release immediately.

**Personal Background**

At the time of Ms. Woods's sentencing, she was 55 years old and had spent the majority of her life addicted to crack cocaine. ECF 333 at 1. While she had the misdemeanor criminal record not atypical for a long-time user of drugs, she had never spent a substantial period of time in custody before this case. ECF 333 at 5; ECF 365, Sentencing Transcript, ("Sent. Tr."), at 7-8. Ms. Woods was abandoned by her birth mother, then was taken in by her grandmother, but in that household was sexually abused by an uncle as a young child, was verbally and physically abused and suffered "childhood trauma at the hands of another family member." Sent. Tr. at 9-10, 11, 21.

She left her grandmother's home to fend for herself on the streets of New York when she was just 17 years old. ECF 333 at 3-4. Though searching for love, Ms. Woods found, instead, that the numbing effects of crack cocaine eased her emotional pain. Sent. Tr. at 11. While she had three children, and she tried hard to be the best parent she could, Ms. Woods ultimately lost custody as a result of her addiction to crack cocaine and related activities. Sent. Tr. at 12.

Despite the trauma she suffered at home as a child and her unfortunate choices as an adult, Ms. Woods maintained close relations with certain of her family members, including her aunts, her sister and even her children. Sent. Tr. at 12-14. She also had significant periods of sobriety throughout her life, during which times she was able to work and keep clear of the criminal justice system. ECF 333 at 7. She has a history of working seasonal and odd jobs, including doing hair, housekeeping and landscaping. ECF 333 at 7; Sent. Tr. at 22. She also has a variety of health problems, including hypertension, severe asthma, depression and anxiety. ECF 22.

New York          Boston          Los Angeles

February 1, 2024
Page 2

## Case Background

The instant case arose out of a period of time when she had resumed her use of crack cocaine and became associated with a group of individuals involved in the distribution of crack cocaine in the Bronx. Ms. Woods's role was primarily to "cook" powder cocaine to crack cocaine for the group, which would then distribute it to street-level sellers. ECF 339 at 3. On July 7, 2017, Cynthia Woods pleaded guilty to participating in a conspiracy violating 21 U.S.C. § 841(b)(1)(C). ECF 212, 376. The Sentencing Guidelines range was 97 to 121-months in prison. Sent. Tr. at 18. This Court varied below that range in light of the relevant factors under 18 U.S.C. § 3553(a) and imposed a term of 72-months in custody, to be followed by three years of supervised release. Sent. Tr. at 19-27.

At sentencing, this Court noted its particular concern about Ms. Woods being able to stay clean of drugs and not commit future crimes. Sent. Tr. at 23-24.

Cynthia Woods was then designated by the Bureau of Prisons to a series of facilities. While in custody, Ms. Woods successfully completed the RDAP program and ultimately finished her incarceration first at the medical facility at FMC Carswell in Fort Worth, Texas (to manage her complex medical maladies) and then to the minimum security camp there. During her time in custody, Ms. Woods incurred no disciplinary infractions. Her completion of the RDAP program and her clean disciplinary record are especially notable given that for the final year of her term she was in prison during a period of time when most services and support were shut down due to the covid-19 health crisis.

## Supervised Release

Ms. Woods was released from custody to a halfway house in Brooklyn in early 2021, with a three-year period of supervised release to commence in May 2021 and scheduled to expire on May 24, 2024.

Since then, she has been supervised by the Probation Office of the Eastern District of New York. Over the past nearly three years, Ms. Woods has been a model supervisee, remaining in compliance with all terms and conditions of her release. She has been receiving services (physical and mental health) through a clinic run by the Housing Works and also participated in the non-profit's "Ready for Work" internship. Ready for Work is an intensive 12-week job readiness program that trains individuals with chronic illnesses to enter the workplace, focusing on a variety of skills and certifications. *See* Housing Works, Ready for Work, https://www.housingworks.org/services/job-training, last accessed February 1, 2024. Ms. Woods then went on to culinary training at the Hot Bread Kitchen location in Bushwick, Brooklyn, where she further developed the skills for a possible job in the food services industry. *See* Hot Bread Kitchen, Food Career Programs, https://hotbreadkitchen.org/career-programs/, last accessed February 1, 2024. While currently on disability due to her various health issues (including her debilitating asthma and chronic nerve damage), she now has the skills and the ambition to enter the legitimate work force as soon as she is physically able to do so.

February 1, 2024
Page 3

Throughout her time on supervised release, Ms. Woods has also spent significant energy and resources maintaining her mental health, knowing that the therapy she receives and plans to continue to receive is key to her not recidivating and not returning to drug use.

For a person with Ms. Woods's background and history, this has been a herculean achievement; one that is the product of the reflection, treatment and self-discipline that she was afforded by her time in custody and the substantial assistance she has received upon her transition to the community. According to her supervising Probation Officer, "the goals of supervision" for Ms. Woods "have been met."

Three of Ms. Woods' six children and two of her four grandchildren live in the Jonesboro, Georgia area. All of her children and grandchildren have all remained close with Ms. Woods during the instant case and her period of incarceration and supervised release. They are the structure and backbone that will support her ongoing work at remaining free from drugs and out of the criminal justice system as she transitions off supervised release.

To facilitate this and to maintain her positive trajectory, Ms. Woods would like to leave the city that has been the locus of her drug use and criminal infractions and move to the Jonesboro area. Ms. Woods has obtained approval for a housing subsidy under Section 8 of the Housing and Community Development Act of 1978. She hopes to relocate near her children and grandchildren in Georgia as soon as possible. Indeed, she is hoping to go immediately upon termination of supervised release to look at possible apartments near her family where she can use her Section 8 subsidy.

### Relief Sought

In light of the commendable conduct of Cynthia Woods during her term of supervised release, the consent of the Government to this request and the Probation Department's support of the request, we respectfully move this Court to immediately terminate supervised release, which would reduce the period of supervision by less than four months and would allow Ms. Woods to relocate to Georgia immediately. While we are available for an in-person conference should the Court have any questions, it is our hope given the support of all parties to this application, that the Court will grant the relief requested on the filings and that Ms. Woods can move immediately to join her family.

Respectfully submitted,

/s/
MEGAN WOLFE BENETT, Esq.
Attorney for defendant
(212) 973-3406
mbenett@kreindler.com

Application granted. The Court has considered this submission, the materials provided to the Court in connection with the defendant's sentencing, and the factors set forth in 18 U.S.C. § 3553(a). Having done so, the Court concludes that the defendant's term of supervised release should be terminated early pursuant to 18 U.S.C. § 3583. The defendant's term of supervised release shall terminate on February 7, 2024.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 1030.

SO ORDERED.

Dated: February 1, 2024
New York, New York

GREGORY H. WOODS
United States District Judge